## LERTORA v. CENTRAL FRUIT CO.

(Supreme Court, Appellate Term. March 24, 1904.)

1. TERM OF EMPLOYMENT—EVIDENCE.

Evidence in an action for salary for a period after plaintiff's discharge *held* insufficient to show a hiring for any definite time.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by David J. Lertora against the Central Fruit Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Robinson & Robinson, for appellant.

August Dreyer, for respondent.

FREEDMAN, P. J. The plaintiff, claiming that he was employed by the defendant for one year from about May 1, 1903, at a weekly salary of $25 per week, and having been discharged upon June 1, 1903, brought this action to recover for 12 weeks' salary, and ob-

tained a judgment for $300. It appears that the defendant had just been incorporated under the laws of this state, and was in need of a competent man to assist in the business. A meeting of the directors of the company was held, at which the president of the company—one John Ginocchio—five of the directors, and one of the stockholders were present. The president introduced the plaintiff to the directors, and the plaintiff testifies that they then orally employed him for one year; that no stated salary was fixed upon; that he immediately began work; that, when he began to draw his salary, it was paid to him weekly, in sums of $25 per week; and that after he had worked for five weeks he was discharged without cause. He further testified that the president of the defendant asked him to take the general management of the company, which he did for a while. He was then changed to cashier. As to being employed for one year, the plaintiff is, in a measure, corroborated by the testimony of one Murphy, who swears that, in a conversation had with the president of the company in the latter part of May, the president said "they had made arrangements with one man [designating the plaintiff] for one year at $25 per week." This testimony must be received with some caution, inasmuch as, although Murphy says the president of the defendant stated that plaintiff was hired for "$25 per week," the plaintiff swears that no stated amount of salary was fixed, and other witnesses swear that the salary was fixed at $18 per week. The plaintiff's claim to recover the sum of $25 per week, and for which sum he recovered judgment, is based wholly on the fact that during the five weeks he was in the employ of the defendant he was paid that amount each week. The president of the company, the five directors, and the one stockholder who were present when the engagement of the plaintiff was made, each testify that there was no definite time fixed for his employment, and that the plaintiff said tha they (the company) were at liberty to discharge him at any time. Each of said witnesses also testified that at no time was the term of one year mentioned as being the period for which the plaintiff was to serve in their employ. We think that the plaintiff failed to show that he was entitled to recover the sum of $25 per week, and that he did not sustain the burden of proof cast upon him of showing a hiring for the term of one year, but that it clearly appears that the defendants had a right to discharge him at any time when they did not consider his services satisfactory. Although, owing to objections interposed by plaintiff's counsel which were sustained by the court, considerable testimony tending to show cause for plaintiff's discharge was excluded, enough was admitted, that was not disputed by the plaintiff, showing a sufficient reason, if any was needed, for severing the relations between the parties. A new trial must be had.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.